1

2 **UNITED STATES DISTRICT COURT**

3 **DISTRICT OF NEVADA**

4 * * *

5 Shawn Pritchett | Case No. 2:25-cv-00410-APG-BNW

6 Plaintiff,

7 v. | **SCREENING ORDER AND**
**REPORT AND RECOMMENDATION**

8 Nguyen & Law Attorneys at Law, et. al,

9 Defendants.

10

11       Pro se plaintiff Shawn Pritchett brings several claims based on allegations that he received

12 a substandard legal representation during his habeas corpus case. Plaintiff submitted the affidavit

13 required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for

14 them. Accordingly, the court will grant his request to proceed *in forma pauperis*. The court now

15 screens his complaint.

16 **I.    ANALYSIS**

17     **A.  Screening standard**

18       Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint

19 under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims

20 and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be

21 granted or seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

22 § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard

23 for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668

24 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient

25 factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*

26 *v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only

27 dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

28

1  his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir.

2  2014) (quoting *Iqbal*, 556 U.S. at 678).

3         In considering whether the complaint is sufficient to state a claim, all allegations of

4  material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler*

5  *Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

6  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

7  must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S.

8  544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

9  Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se

10  plaintiff should be given leave to amend the complaint with notice regarding the complaint's

11  deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

12         **B.  Screening the complaint**

13         Plaintiff explains he wishes to bring suit against Defendants based on Nev. Rev. Stat.

14  § 11.207, which governs malpractice actions. He identifies 12 claims arising from alleged acts

15  and omissions by Defendants while representing him in a habeas corpus matter. None of these

16  claims arise "under the Constitution, laws, or treaties of the United States" and there is no

17  diversity of citizenship between the parties. As a result, this Court recommends that this action be

18  dismissed without leave to amend in this Court.

19         "Federal district courts are courts of limited jurisdiction, possessing only that power

20  authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024,

21  1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all

22  civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C.

23  § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases

24  "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is

25  between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete

26  diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the

27  defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts

28  have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air,*

1    *Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter

2    jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter

3    jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

4            Here, Plaintiff does not allege facts invoking the court's jurisdiction. He alleges only

5    claims based on state claims and therefore does not invoke the court's federal-question

6    jurisdiction. Additionally, the parties are both citizens of Nevada. Thus, even liberally construing

7    his complaint, he does not allege facts invoking the court's diversity jurisdiction.

8            As the party seeking to invoke the court's jurisdiction, Plaintiff bears the burden of

9    establishing jurisdiction exists. *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015). The court

10   therefore will recommend that this case be dismissed for lack of subject-matter jurisdiction,

11   without leave to amend. His claims should be pursued in state court.

12   / /

13   / /

14   / /

15   / /

16   / /

17   / /

18   / /

19   / /

20   / /

21   / /

22   / /

23   / /

24   / /

25   / /

26   / /

27   / /

28   / /

## II.    CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is GRANTED. Plaintiff is permitted to maintain this action to conclusion without prepaying fees or costs or giving security for them.

IT IS FURTHER ORDERED that the clerk of court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

IT IS RECOMMENDED that Plaintiff's complaint be DISMISSED without leave to amend.

## III.    NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).


DATED: March 11, 2025



_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE